# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3828

_____

Brandon Buster,        *
       *
       Appellant,        *
       * Appeal from the United States
       v.        * District Court for the
       * Southern District of Iowa.
United States of America,        *
       *
       Appellee.        *

_____

Submitted: May 16, 2006
Filed: May 23, 2006

_____

Before WOLLMAN, BRIGHT, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Brandon Buster (Buster) appeals the district court's[1] denial of Buster's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We affirm.

## I.    BACKGROUND

Through advice of counsel, Buster pled guilty to one count of conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846;

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

and one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(9).

Section 922(g)(9) makes it a crime for a person who has been convicted of a misdemeanor crime of domestic violence to possess a firearm. Section 921(a)(33)(A)(ii) defines "crime of domestic violence" as an offense that

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

The indictment based Buster's section 922(g)(9) charge on his prior Iowa conviction for domestic abuse. See Iowa Code § 236.2(2). The presentence investigation report (PSR) prepared in anticipation of Buster's sentencing described the circumstances of Buster's prior domestic abuse conviction:

> The complaint indicates the defendant was the aggressor in a physical altercation with his live-in girlfriend in which the girlfriend sustained injuries. The defendant resisted arrest and struggled with officers during handcuffing. The police report indicates the defendant pushed Jacqulyn Gabriel to the ground and struck her in the face, on the arms, on her shoulders, and in her side. As a condition of probation the defendant was ordered to participate in a batterer's education program.

Buster did not object to this portion of the PSR.

Buster moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing, among other claims, his counsel was ineffective for advising him to plead guilty to possessing a firearm following conviction for domestic abuse

because a live-in girlfriend does not qualify as "person similarly situated to a spouse" as described in the federal definition of domestic violence. See 18 U.S.C. § 921(a)(33)(A)(ii). The district court denied Buster's motion without an evidentiary hearing, and granted a certificate of appealability on this one contention. This appeal followed.

## II.   DISCUSSION

"We review de novo the district court's denial of a § 2255 motion without an evidentiary hearing and will affirm only if the motion, files, and record conclusively show the movant is not entitled to relief." Von Kahl v. United States, 242 F.3d 783, 787 (8th Cir. 2001).[2]

To prove his counsel rendered ineffective assistance, Buster must satisfy the test enunciated in Strickland v. Washington, 466 U.S. 668, 688, 693 (1984) (stating the test is whether "counsel's representation fell below an objective standard of reasonableness," resulting in prejudice). A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's "allegations, accepted as true, would not entitle" the movant to relief, or "(2) the allegations cannot

---

[2]As an initial matter, the government argues, based on a waiver clause in Buster's plea agreement, that Buster waived his right to seek postconviction review on a claim of ineffective assistance of counsel grounded on facts known to him at the time he pled guilty, because Buster did not raise the issue or object upon receiving the PSR describing his prior domestic abuse conviction. We disagree. Buster's argument is that his attorney misadvised him as to the federal definition of a crime of domestic violence, and this advice detrimentally led Buster to sign the plea agreement that included the waiver. "Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself–the very product of the alleged ineffectiveness." Jones v. United States, 167 F.3d 1142, 1145 (8th Cir. 1999) (citation and quotation omitted).

be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and quotation omitted).

We conclude Buster's counsel was not ineffective and the district court did not err in dismissing Buster's motion without an evidentiary hearing, because the undisputed facts underlying Buster's prior conviction for domestic abuse could support a violation of 18 U.S.C. § 922(g).[3] Two of our sister circuits have addressed the issue before us, with one holding a "live-in girlfriend" qualifies as a domestic relationship for purposes of sections 922(g)(9) and 921(a)(33)(A)(ii), and the other assuming as much. United States v. Shelton, 325 F.3d 553, 563 (5th Cir. 2003) ("'Live-in girlfriend' indicates living together with the implication that the two were having sexual relations. Accordingly, [the defendant]'s admission was sufficient evidence to prove the victim was similarly situated to a spouse in the context of [section 921(a)(33)(A)(ii)]."); United States v. Denis, 297 F.3d 25, 31 (1st Cir. 2002) (assuming defendant's "live-in girlfriend" was similarly situated to a spouse for purposes of sections 922(g)(9) and 921(a)(33)(A)(ii)).

We agree with the First and Fifth Circuits and hold abuse perpetrated on a live-in girlfriend is domestic abuse committed "by a person similarly situated to a spouse" for purposes of sections 922(g)(9) and 921(a)(33)(A)(ii). Cf. United States v. Cuervo, 354 F.3d 969, 998 (8th Cir. 2004) (holding sufficient evidence supported defendant's conviction under section 922(g)(9) where evidence showed defendant and victim "shared an intimate personal relationship"), vacated on other grounds sub nom., Norman v. United States, 543 U.S. 1099 (2005), Schoenaur v. United States, 543 U.S. 1099 (2005); see also White v. Dep't of Justice, 328 F.3d 1361, 1369 (Fed. Cir. 2003)

_____

[3]Buster concedes his prior Iowa conviction had "as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon." 18 U.S.C. § 921(a)(33)(A)(ii). Thus, we need not address this issue.

(holding defendant was "a person similarly situated to a spouse" under section 921(a)(33)(A)(ii) where defendant and victim cohabited as boyfriend and girlfriend continuously for almost a year and intermittently for several months).

In <u>Shelton</u>, the victim had been a "live-in girlfriend" for two months, and the Fifth Circuit found two months cohabiting as a "live-in girlfriend" qualified as a person "similarly situated to a spouse." <u>Shelton</u>, 325 F.3d at 563. The record here does not reflect how long the victim in Buster's previous Iowa conviction had been Buster's "live-in girlfriend." We infer Buster's counsel knew and certainly Buster knew the duration of cohabitation. Buster's attorney's belief that section 922(g)(9) applied under these circumstances, even if a mistaken belief, was not ineffective assistance. <u>See</u> <u>Strickland</u>, 466 U.S. at 688 ("[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.").

## III.  CONCLUSION

For the reasons stated, we affirm the district court's denial of Buster's section 2255 motion.

———————————————