**IN THE COURT OF APPEALS OF IOWA**

No. 14-0072
Filed December 24, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA CARL GROVER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Boone County, James B. Malloy,

District Associate Judge.


        Defendant appeals the firearm prohibition contained in a sentencing no-

contact order. **SENTENCE VACATED IN PART AND REMANDED FOR**

**ENTRY OF A CORRECTED ORDER.**


        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant

Attorney General, Adria Kester, County Attorney, and Kailyn M. Heston,

Assistant County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Joshua Grover appeals the sentence imposed following his plea of guilty to assault with intent to inflict serious injury, in violation of Iowa Code sections 708.1 and 708.2(1) (2013). Grover contends the provision in the sentencing no-contact order that prohibits him from possessing, transporting, or receiving firearms, offensive weapons, or ammunition is illegal because there is no statutory basis for the prohibition. He also contends the sentencing court failed to state reasons for imposing the firearms prohibition.

I.

On September 14, 2013, Grover and his girlfriend, K.S., had a dispute in her apartment in Ames, Story County, during which he choked her and punched her in the face. After the dispute, as K.S. was driving Grover from her apartment to his vehicle, Grover yanked the steering wheel of the car, causing the car to swerve into the ditch and then across the road into the opposite ditch, causing K.S. physical injury. The incident involving the car occurred in Boone County. An officer responded to the scene and spoke with Grover and K.S. as part of the officer's investigation. After the officer learned of the attack in Ames and concluded the car crash was not an accident, the officer arrested Grover and cited him for domestic abuse assault, in violation of Iowa Code section 708.2A(2)(d).

On September 24, the State charged Grover by trial information with willful injury resulting in bodily injury, in violation of Iowa Code section 708.4(2), for the

conduct occurring in Boone County.[1]  As a result of a plea agreement, Grover pleaded guilty to an amended charge of assault with intent to inflict serious injury, in violation of Iowa Code sections 708.1 and 708.2(1).  At sentencing, the court issued the sentencing no-contact order challenged in this appeal.

II.

A challenge to an illegal sentence can be raised at any time.  *State v. Hoeck*, 843 N.W.2d 67, 71 (Iowa 2014).  We review a challenge to the legality of a sentence for corrections of errors of law.  *See* Iowa R. App. P. 6.904; *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).

The court's authority to impose sentence is created by statute, and any sentence not authorized by statute is illegal and void.  *See State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009) ("An illegal sentence is one not authorized by statute or otherwise legally flawed."); *State v. Ohnmacht*, 342 N.W.2d 838, 842 (Iowa 1983) ("The legislature possesses the inherent power to prescribe punishment for crime, and the sentencing authority of the courts is subject to that power.  A sentence not permitted by statute is void."); *State v. Woods,* No. 12-0970, 2013 WL 2146460, at *2 (Iowa Ct. App. May 15, 2013) (vacating firearms prohibition where defendant was not convicted of domestic abuse assault and remanding for sentencing); *State v. Olson*, No. 02-0893, 2002 WL 31424879, at *2 (Iowa Ct. App. Oct. 30, 2002) (vacating sentencing no-contact order where not

---

[1] Separate charges were filed arising out of the conduct occurring in Story County. Those charges were pending at the time of sentencing in this matter.

"specifically authorized in the Iowa Code").[2]   Grover contends there is no statutory authority allowing the firearms prohibition.   The State contends the firearms prohibition is authorized by chapters 664A and 724.

Chapter 664A applies, as relevant here, "to no-contact orders issued for violations or alleged violations of sections 708.2A . . . and any other public offense for which there is a victim."  Iowa Code § 664A.2(1).  "A public offense is that which is prohibited by statute and is punishable by fine or imprisonment." Iowa Code § 701.2.  A "victim means a person who has suffered physical, emotional, or financial harm as a result of a public offense."   Iowa Code § 644A.1(3).   Grover was initially charged with a domestic abuse assault, a violation of section 708.2A, and then ultimately pleaded guilty to a "public offense," aggravated misdemeanor assault, for which there was a "victim," K.S. It is thus not disputed that chapter 664A is applicable to this proceeding.

Chapter 664A authorizes two different no-contact orders.  First, the court is required to issue a temporary no-contact order at the time of initial appearance when a person is arrested for an offense to which chapter 664A is applicable

---

[2] An argument can be made that a sentencing no-contact order is civil in nature and not subject to challenge as an illegal sentence.  The sentencing no-contact order would thus be subject to traditional rules of error preservation.  *See, e.g.*, *State v. Wiederien*, 709 N.W.2d 538, 543 (Iowa 2006) (Cady, J., dissenting) (stating "no-contact orders under the statute are collateral matters to the underlying criminal proceeding" and "an acquittal of the underlying criminal charge does not undermine or affect the validity of the prior no-contact order, which is civil in nature and based only upon a determination of probable cause and a need to protect the safety of another"); *State v. Roby*, No. 05-0630, 2006 WL 2706124, at *3 723 N.W.2d 448 (Iowa Ct. App. Sep. 21, 2006) (holding no-contact order is civil in nature and imposition of no-contact order "alongside" criminal sentence did not violate the ex post facto clauses of either the federal or state constitutions); *State v. Hughes*, No. 02-1751, 2003 WL 22469744, at *2 (Iowa Ct. App. Oct. 29, 2003) (holding that permanent no-contact order continuing temporary no-contact order and issued two days after sentencing was not part of the defendant's sentence).  No such argument is presented here, and we do not pass on the merits of any such argument.

upon finding the following: (1) probable cause exists to believe the offense occurred; and (2) the presence or contact with the defendant poses a threat to the safety of the alleged victim, persons residing with the alleged victim, or members of the alleged victim's family. Iowa Code § 664A.3(1). Second, chapter 664A authorizes the court to enter a permanent no-contact order not to exceed five years in duration if the defendant is convicted of a covered offense. *See* Iowa Code § 664A.5; *State v. Wiederien*, 709 N.W.2d 538, 542-43 (Iowa 2006) (holding the court lacks authority to continue no-contact order where the defendant is acquitted).

The scope of temporary and permanent no-contact orders is largely the same:

> "No-contact order" means a court order issued in a criminal proceeding requiring the defendant to have no contact with the alleged victim, persons residing with the alleged victim, or members of the alleged victim's immediate family, and to refrain from harassing the alleged victim, persons residing with the alleged victim, or members of the alleged victim's family.

Iowa Code § 664A.1(1); *see* Iowa Code § 664A.3 (providing a temporary no-contact order "shall restrict the defendant from having contact with the victim, persons residing with the victim, or the victim's immediate family). Nothing in section 664A.3, which governs temporary orders, specifically authorizes the firearms prohibition. Similarly, nothing in section 664A.5 specifically authorizes the firearms prohibition. The State does not identify any statutory language in chapter 664A explicitly authorizing the firearms prohibition. Accordingly, we conclude the firearms prohibition contained in the sentencing no-contact order is not authorized by chapter 664A, standing alone.

We next address the State's contention the firearms prohibition is authorized by Iowa Code section 724.26. Iowa Code section 724.26(3) provides that certain defendants subject to no-contact orders "shall not possess, ship, transport, or receive a firearm, offensive weapon, or ammunition while such order is in effect." The first class of defendants to which the prohibition applies includes those "subject to a protective order under 18 U.S.C. § 922(g)(8)." Iowa Code § 724.26(2)(a). This includes persons subject to a protective order that:

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; . . .

18 U.S.C. § 922(g)(8). United States Code section 921(a)(32) defines "intimate partner" as "the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitates or has cohabited with the person." The second class of defendants to which the prohibition applies are those who "ha[ve] been convicted of a misdemeanor crime of domestic violence." Iowa Code § 724.26(2)(a).

The State first argues the sentencing no-contact order is authorized as a modification of the temporary order entered pursuant to section 724.26(3). The argument fails because it misstates the posture of this case. On September 16,

2013, at Grover's initial appearance, the magistrate issued a temporary no-contact order. The magistrate found the defendant and victim "meet the definition of intimate partners as defined in 18 U.S.C. § 921(a)(32)" and found probable cause to believe "a domestic abuse assault has occurred." The temporary no-contact order contained the following prohibition: "The Defendant shall not possess, ship, transport, or receive firearms, offensive weapons, or ammunition while this order is in effect pursuant to Iowa Code section 724.26(2)(a) and as a condition of release." At the conclusion of this criminal proceeding, the court could have terminated or modified the existing order or issued a new order. *See* Iowa Code § 664A.5. Here, the court chose to issue a new sentencing no-contact order rather than modify the prior order. The new order superseded the temporary order, rendering it ineffective. *See E. Buchanan Tel. Coop. v. Iowa Utils. Bd.*, 738 N.W.2d 636, 641 (Iowa 2007) (stating "issues pertaining to a temporary injunction become moot upon the issuance of a permanent injunction"); *Bartsch v. Bartsch*, 636 N.W.2d 3, 10 (Iowa 2001) (stating "at the point the permanent order was entered, the temporary order became ineffective"); *State v. Olney*, No. 13-1063, 2014 WL 2884869, at *2 (Iowa Ct. App. June 25, 2014) ("A no-contact order entered pursuant to Iowa Code section 664A.3 is a continuing but temporary order that prohibits a defendant from having contact with or harassing an alleged victim of a public offense during the pendency of criminal proceedings."). The legality of the permanent order cannot rest on a superseded, ineffective order.

The State also argues the firearms prohibition in the sentencing no-contact order is explicitly authorized because Grover was "convicted of a misdemeanor crime of domestic violence" within the meaning of section 724.26. The Iowa Code defines "misdemeanor crime of domestic violence" as follows:

> For purposes of this section, "misdemeanor crime of domestic violence" means an assault under section 708.1, subsection 2, paragraph "a" or "c", committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

Iowa Code § 724.26. The State contends that Grover was "similarly situated to a spouse." We disagree.

There are no facts supporting the finding that Grover and K.S. had a spousal relationship or anything similar to a spousal relationship. There is no evidence of cohabitation. Indeed, it appears from the temporary protective order that the parties had separate residences. The police reports note the altercation in Ames occurred in "her" apartment, from which we can infer the parties did not share an apartment. *Cf. Buster v. United States*, 447 F.3d 1130, 1133 (8th Cir. 2006) (holding that "live-in girlfriend" is similarly situated to a spouse). There is no evidence Grover and K.S. comingled their finances or in any way behaved as spouses. *Cf. White v. Dep't of Justice*, 328 F.3d 1361, 1369-70 (Fed. Cir. 2003) (holding substantial evidence supported finding person was similarly situated to a spouse where there were expectations of fidelity and monogamy, shared expenses, shared household responsibilities, social activities in common, and discussions about having children). There is no evidence in this record showing

that Grover and K.S. represented themselves to the public as spouses or that they considered themselves spouses. *See id.* The only information we can discern from the record is that the relationship was seven months in duration and the relationship was intimate in the sense that it was sexual. The State does not cite any authority for the proposition that a sexual relationship of seven months is similar to a spousal relationship within the meaning of the statute. The failure to cite authority is fatal to the claim. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). Independently, we conclude those two facts, standing alone, do not place Grover in the position of being similarly situated to K.S.'s spouse.

The State also contends that our case law supports the imposition of the firearms prohibition. The State cites *State v. Sturges,* No. 12-1273, 2013 WL 1453064, at *1 (Iowa Ct. App. Apr. 10, 2013), for the proposition that the sentencing court can impose a firearms prohibition in a sentencing no-contact order based on a conviction for assault rather than domestic abuse assault. The case is not material here. The issue is not whether the sentencing court can impose a firearms prohibition following a conviction for something other than domestic abuse assault—it clearly can, as set forth in Iowa Code section 724.26. The issue here is whether the sentencing court can impose a firearms prohibition when there are no facts bringing the case within the scope of section 724.26. *Sturges* does not address this issue because the imposition of the prohibition in that case clearly was correct. Specifically, the court noted the defendant and

victim were married and had children together. *See Sturges*, 2013 WL 1453064, at *2. *Sturges* does not support the firearms prohibition in this case.

The sentencing court in this case imposed a firearms prohibition as an additional directive. The court did not identify the statutory basis for imposition of the firearms prohibition. Chapter 664A, standing alone, does not authorize the firearms prohibition. The sentencing court did not find that Grover and K.S. were "intimate partners" or that Grover committed a "misdemeanor crime of domestic violence," within the meaning of section 724.26. Thus, section 724.26 does not authorize the firearms prohibition. Consequently, the firearms prohibition in the no-contact order is not authorized by statute, is an illegal sentence, and must be vacated. "[W]here an improper or illegal sentence is severable from the valid portion of the sentence, we may vacate the invalid part without disturbing the rest of the sentence." *State v. Keutla*, 798 N.W.2d 731, 735 (Iowa 2011). Accordingly, we vacate the additional directive in the sentencing no-contact order and remand for entry of a corrected order. *See State v. Hall*, 740 N.W.2d 200, 205 (Iowa Ct. App. 2007) (vacating no-contact order where not authorized by statute).

### III.

Because of our resolution of the firearms prohibition issue, we need not address Grover's argument regarding the district court's failure to provide a statement of reasons regarding the imposition of the firearms prohibition. For the foregoing reasons, we vacate that portion of the sentencing no-contact order, "If

checked, additional directives: May not possess, transport, or receive firearms, offensive weapons, or ammunition," and remand for entry of a corrected order.

**SENTENCE VACATED IN PART AND REMANDED FOR ENTRY OF A CORRECTED ORDER.**