J-A15008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN J. COLL, JR. | |
| Appellant | No. 1928 MDA 2016 |

Appeal from the Judgment of Sentence July 7, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003923-2015

BEFORE:  MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                   **FILED NOVEMBER 02, 2017**

Kevin J. Coll, Jr. appeals from the July 7, 2016 judgment of sentence entered in the Luzerne County Court of Common Pleas following his convictions for making a materially false statement in connection with the purchase of a firearm and unsworn falsification to authorities – statement under penalty.[1]  We affirm.

This matter arises from Coll's attempted purchase of a firearm from a gun shop located in Butler Township, Luzerne County on March 13, 2015.  As

_____

[1] 18 Pa.C.S. § 6111(g)(4)(ii) and 4904(b), respectively.  We note that, while the criminal information and the sentencing order indicate that Coll was charged with and convicted of violating 19 Pa.C.S. § 6111(g)(4)(i), which makes it a crime to make a materially false **oral** statement in connection with the purchase of a firearm, the case was tried and the jury was instructed on the charge of making a materially false **written** statement in connection with the purchase of a firearm, 18 Pa.C.S. § 6111(g)(4)(ii).  On appeal, Coll has not raised any issue based on this discrepancy.

part of the purchase, Coll completed Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473. Question 11.i of the form asked whether Coll had ever been convicted in any court of a misdemeanor crime of domestic violence. In response, Coll answered "No." The gun shop conducted a background check of Coll, which he failed. Coll then completed a form challenging the results of his background check. The challenge form asked whether Coll had previously been arrested, to which he responded affirmatively. Coll later received a letter from the Pennsylvania State Police ("PSP") indicating that his challenge had been rejected because of a previous crime of domestic violence.[2]

The PSP forwarded Coll's information to the Butler Township chief of police, informing him that Coll had attempted to purchase a firearm when he was forbidden by law from doing so. The chief assigned Officer Robert Brighthaupt to investigate. Officer Brighthaupt contacted Coll, and later met with him. Coll told Officer Brighthaupt that he remembered being arrested for a domestic offense, but that he had pled guilty to a simple assault charge. Coll admitted that, in 2009, he pled guilty to one count of misdemeanor simple assault. The victim of the assault was, at the time of the crime, Coll's girlfriend.

---

[2] Coll testified that the letter he received from the PSP stated that his challenge was rejected because he had been previously charged with a crime of domestic violence. N.T., 5/10/16, at 81. The certified record does not contain a copy of the letter from the PSP.

On May 10, 2016, a jury convicted Coll of making a materially false statement and unsworn falsification to authorities. On July 7, 2016, the trial court sentenced Coll to 1 year less 1 day to 2 years less 2 days of incarceration for the materially false statement conviction, followed by 1 year of probation for the unsworn falsification conviction. On July 11 and 12, 2016, Coll filed post-sentence motions, which the trial court denied on October 31, 2016. On November 18, 2016, Coll filed a notice of appeal.

Coll raises the following issues on appeal:

> 1. Was there sufficient evidence established at trial to support the conviction of Count 1 of the Information, i.e. 18 Pa[].C.S. Section 6111(g)(4)(i)?[3]
>
> 2. Was there sufficient evidence established at trial to support the conviction of Count 2 of the Information, i.e. 18 Pa.C.S. Section 4904(b)?

Coll's Br. at 3 (suggested answers omitted).

We apply the following standard of review to sufficiency of the evidence claims:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

---

[3] While Coll's first issue cites subsection (i), Coll's argument is based on the premise that he was convicted for making a materially false **written** statement.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Rodriguez*, 141 A.3d 523, 525 (Pa.Super. 2016)

(quoting *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa.Super.2012)).

The crime of making a materially false statement in connection with the purchase of a firearm is defined as:

(4) Any person, purchaser or transferee commits a felony of the third degree if, in connection with the purchase, delivery or transfer of a firearm under this chapter, he knowingly and intentionally:

(i) makes any materially false oral statement;

(ii) makes any materially false written statement, including a statement on any form promulgated by Federal or State agencies; or

(iii) willfully furnishes or exhibits any false identification intended or likely to deceive the seller, licensed dealer or licensed manufacturer.

18 Pa.C.S. § 6111(g)(4).

The crime of unsworn falsification to authorities – statement under penalty is defined as:

(b) Statements "under penalty".--A person commits a misdemeanor of the third degree if he makes a written false statement which he does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable.

- 4 -

18 Pa.C.S. § 4904(b).

Here, the Commonwealth charged Coll with violating both sections 6111(g)(4) and 4904(b) because he responded "No" to Question 11.i on ATF Form 4473, which asked: "Have you ever been convicted in any court of a misdemeanor crime of domestic violence?" **See** N.T., 5/20/16, at 24. The form defines a misdemeanor crime of domestic violence as follows:

> **Question 11.i. Definition of Misdemeanor Crime of Domestic Violence:** A Federal, State, local, or tribal offense that is a misdemeanor under Federal, State, or tribal law and has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with, or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim. The term includes all misdemeanors that have as an element the use or attempted use of physical force or the threatened use of a deadly weapon (*e.g.*, *assault and battery*), if the offense is committed by one of the defined parties. *(See Exception to 11.c and 11.i.)* A person who has been convicted of a misdemeanor crime of domestic violence also is not prohibited unless: (1) the person was represented by a lawyer or gave up the right to a lawyer; or (2) if the person was entitled to a jury, was tried by a jury, or gave up the right to a jury trial. Persons subject to this exception should answer **"no"** to 11.i.

Cmwlth.'s Ex. 1 at 4.

The definition in ATF Form 4473 parallels the definition of a "misdemeanor crime of domestic violence" in the Federal Gun Control Act. 18

U.S.C. § 921(a)(33)(A).[4]

Coll contends that because a "girlfriend" does not fall into any of the relevant relationship categories, the Commonwealth failed to prove that he had been previously convicted of a crime of domestic violence. Therefore, Coll argues that the evidence was insufficient to support his convictions because he did not make a false statement when he responded "no" to the question of whether he had ever been convicted of a misdemeanor crime of domestic

_____

[4] Pennsylvania prohibits possession or acquisition of a firearm by a person who is subject to the federal prohibition. *See* 18 Pa.C.S. § 6105(c)(9) Furthermore:

> If the offense which resulted in the prohibition under 18 U.S.C. § 922(g)(9) was committed, as provided in 18 U.S.C. § 921(a)(33)(A)(ii) (relating to definitions), by a person in any of the following relationships:
>
> > (i) the current or former spouse, parent or guardian of the victim;
> >
> > (ii) a person with whom the victim shares a child in common;
> >
> > (iii) a person who cohabits with or has cohabited with the victim as a spouse, parent or guardian; or
> >
> > (iv) a person similarly situated to a spouse, parent or guardian of the victim;
>
> then the relationship need not be an element of the offense to meet the requirements of this paragraph.

18 Pa.C.S. § 6105(c)(9).

violence.[5]

Although Coll claims that the Commonwealth was required to establish one of the relationships in 18 Pa.C.S. § 6105(c)(9), **see supra** n.4, we observe that Coll was not convicted of possession of a firearm pursuant to section 6105, but rather, of making a false statement on ATF Form 4473. We have previously held that the General Assembly's intent in section 6111(g)(4) "was to provide authority for the prosecution of persons who make **any** materially false statement in connection with the purchase of a firearm in this Commonwealth." **Commonwealth v. Baxter**, 956 A.2d 465, 472 (Pa.Super. 2008) (emphasis in original). Further, we held that "any knowingly false statement given by a person in connection with the purchase of a firearm – even if given in response to the questions on the federal form – is 'material'" and subjects that person to prosecution under section 6111(g)(4). **Id.** Accordingly, because we must evaluate whether the evidence was sufficient to establish that Coll made a false statement on ATF Form 4473, our analysis is based on the definition of a "misdemeanor crime of domestic violence" contained in the form.

_____

[5] We observe that "Pennsylvania law does not separately classify simple assault convictions based on the identity of the defendant's victim or include a relationship element in the statute." **D'Alessandro v. Pennsylvania State Police**, 937 A.2d 404, 411 (Pa. 2007).

First, we conclude that the first three relationships categories listed on ATF form 4473 are not dispositive here, because: (1) there was no evidence that Coll was, at the time, the victim's current or former spouse, parent, or guardian; (2) there was no evidence that Coll and the victim shared a child; and (3) there was no evidence that, if Coll and the victim lived together, it was in Coll's capacity as the victim's spouse, parent, or guardian. Therefore, this case turns on whether, at the time of the assault, Coll was "similarly situated" to a spouse, parent, or guardian of the victim.[6]

Because the definition of a "misdemeanor crime of domestic violence" in ATF Form 4473 corresponds to the definition found in 18 U.S.C. § 921(a)(33)(A) as applied in 18 U.S.C. § 922(g)(9), we look to previous statutory interpretations of those sections for guidance. In **Buster v. United States**, 447 F.3d 1130 (8th Cir. 2006), the United States Court of Appeals for the Eighth Circuit held that a live-in girlfriend could qualify as a person

---

[6] We reject Coll's argument that this Court should look to the standards for common law marriage to determine whether he was "similarly situated" to a spouse of the victim. First, the General Assembly abolished common law marriage effective January 1, 2005. **See In re Estate of Carter**, 159 A.3d 970, 974 (Pa.Super. 2017). Second, individuals in a judicially recognized common law marriage are not "similarly situated" to spouses in this Commonwealth; they are, in fact, spouses. **See id.** ("[A] common law marriage is a marriage by the express agreement of the parties without ceremony . . . .") (quoting **In re Estate of Manfredi**, 159 A.2d 697, 700 (Pa. 1960)).

similarly situated to a spouse pursuant to 18 U.S.C. §§ 922(g)(9) and 921(a)(33)(A)(ii).  The ***Buster*** Court stated:

> Two of our sister circuits have addressed the issue before us, with one holding a "live-in girlfriend" qualifies as a domestic relationship for purposes of sections 922(g)(9) and 921(a)(33)(A)(ii), and the other assuming as much. ***United States v. Shelton***, 325 F.3d 553, 563 (5th Cir.2003) ("'Live-in girlfriend' indicates living together with the implication that the two were having sexual relations. Accordingly, [the defendant]'s admission was sufficient evidence to prove the victim was similarly situated to a spouse in the context of [section 921(a)(33)(A)(ii)]."); ***United States v. Denis***, 297 F.3d 25, 31 (1st Cir.2002) (assuming defendant's "live-in girlfriend" was similarly situated to a spouse for purposes of sections 922(g)(9) and 921(a)(33)(A)(ii)).
>
> We agree with the First and Fifth Circuits and hold abuse perpetrated on a live-in girlfriend is domestic abuse committed "by a person similarly situated to a spouse" for purposes of sections 922(g)(9) and 921(a)(33)(A)(ii). ***Cf. United States v. Cuervo***, 354 F.3d 969, 998 (8th Cir.2004) (holding sufficient evidence supported defendant's conviction under section 922(g)(9) where evidence showed defendant and victim "shared an intimate personal relationship"), *vacated on other grounds sub nom.*, ***Norman v. United States***, 543 U.S. 1099, 125 S.Ct. 1049, 160 L.Ed.2d 994 (2005), ***Schoenauer v. United States***, 543 U.S. 1099, 125 S.Ct. 1050, 160 L.Ed.2d 994 (2005); ***see also White v. Dep't of Justice***, 328 F.3d 1361, 1369 (Fed.Cir.2003) (holding defendant was "a person similarly situated to a spouse" under section 921(a)(33)(A)(ii) where defendant and victim cohabited as boyfriend and girlfriend continuously for almost a year and intermittently for several months).

***Buster***, 447 F.3d at 1133.

Here, there is no dispute that the victim of Coll's misdemeanor simple assault was his girlfriend.[7] Further, Chief Brian Buglio of the West Hazelton Borough Police Department, who arrested Coll for the previous simple assault, testified that Coll and his girlfriend lived together at the time of the assault. N.T., 5/10/16, at 53. While Chief Buglio admitted that he could not recall from where he obtained their address information, he testified that such information was in the criminal complaint against Coll. *Id.* at 54. The jury, as fact-finder, was free to believe all, part, or none of the evidence. ***See Rodriguez***, 141 A.3d at 525. Because there was evidence Coll lived with his girlfriend, who was the victim of the simple assault, a jury could conclude that Coll was a person "similarly situated" to a spouse of the victim. Therefore, the Commonwealth presented sufficient evidence from which a jury could find that his response on ATF Form 4473 was materially false. Thus, we conclude that the evidence was sufficient to support both convictions.

Judgment of sentence affirmed.

---

[7] While Coll contends that there was only "some very modest evidence" at trial that the victim was Coll's girlfriend, Coll himself conceded this fact at trial. N.T., 5/10/16, at 82.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/2/2017