J-S32038-16

2016 PA Super 115

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE RODRIGUEZ, | |
| Appellant | No. 2403 EDA 2015 |

Appeal from the Judgment of Sentence July 2, 2015
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0001250-2015

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

OPINION BY PLATT, J.:                              **FILED JUNE 06, 2016**

Appellant, Jose Rodriguez, appeals from the judgment of sentence imposed on July 2, 2015, following his non-jury trial conviction of furnishing drug-free urine, use or attempt.[1]  Appellant challenges the sufficiency of the evidence.  We affirm.

We take the factual and procedural history in this matter from the trial court's September 25, 2015 opinion and our review of the certified record. On October 31, 2014, Appellant arrived for a parole supervision appointment and was directed to provide Pennsylvania State Parole Board Agent Zane McGowan with a urine sample.  Appellant entered the bathroom to provide the sample.  He then walked approximately six feet to the interview room

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 7509(b).

where Agent McGowan was waiting for him, and handed him a urine sample cup filled with liquid.

Agent McGowan observed that the urine sample cup looked as if it was filled with water and the cup's temperature indicator showed a temperature of approximately seventy degrees, whereas the cup indicator typically shows a ninety-degree temperature reading for urine. He noted that the liquid in the cup did not smell like urine. He tested the sample and it came up negative for narcotics or controlled substances. Agent McGowan did not test the sample to determine whether the liquid contained within was urine.

After the first cup tested negative, Agent McGowan asked Appellant to provide a second sample. He did so and when Agent McGowan tested the second sample it indicated a positive result for Tetrahydrocannabinol (THC), the active drug compound in marijuana. Appellant then admitted to marijuana use. He was arrested and charged with furnishing drug-free urine, use or attempt.[2] *See* 18 Pa.C.S.A. § 7509(b).

> On July 2, 2015, [the trial c]ourt held a non-jury trial. Counsel for the Commonwealth and counsel for Appellant stipulated that the notes of testimony from the preliminary hearing conducted on February 24, 2015 would serve as the testimony for the non-jury trial and that, if called to testify, [Agent McGowan] would testify consistently with his testimony at the preliminary hearing. [The trial c]ourt conducted a [] colloquy of Appellant's waiver of right to a jury trial and his decision not to testify[.]

---

[2] Appellant was also charged separately with a parole violation for THC use. (*See* N.T. Trial, 7/02/15, at 10-12).

- 2 -

(Trial Court Opinion, 9/25/15, at 2) (record citations omitted).

The trial court found Appellant guilty of furnishing drug-free urine, use or attempt, and sentenced him to no further penalty. (*See* N.T. Trial, 7/02/15, at 15). This timely appeal followed.[3]

Appellant raises one question on appeal:

[I.] Whether the evidence is insufficient to support the bench trial guilty finding on [f]urnishing drug-free urine because the [C]ommonwealth did not prove beyond a reasonable doubt that [Appellant] gave drug-free urine for the purpose of or with the intent or knowledge that the urine will be used for evading or causing deceitful results in a test for the presence of drugs?

(Appellant's Brief, at 5).

In his sole issue on appeal, Appellant claims that the evidence offered by the Commonwealth was insufficient to support his conviction of furnishing drug-free urine, use or attempt, because it did not establish that the liquid he provided was urine. (*See id.* at 9-11). Specifically, he contends that "[t]he evidence shows that the substance at issue was a liquid, but at that point proof beyond a reasonable doubt that it was urine vaporized." (*Id.* at 7). We disagree.[4]

_____

[3] Appellant filed a notice of appeal on July 31, 2015. Pursuant to the trial court's order, he filed a concise statement of errors complained of on appeal on September 16, 2015. *See* Pa.R.A.P. 1925(b). The trial court issued its opinion on September 25, 2015. *See* Pa.R.A.P. 1925(a).

[4] We note that Appellant's statement of errors complained of on appeal, which simply stated "[t]he evidence was insufficient to sustain the guilty verdict in a bench trial because the Commonwealth failed to prove beyond a reasonable doubt that Appellant used or attempted to use drug-free urine in

*(Footnote Continued Next Page)*

Our standard of review for sufficiency of the evidence claims is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012) (citation omitted).

The trial court convicted Appellant of violating section (b) of 18 Pa.C.S.A. § 7509, which provides in full:

*(Footnote Continued)* ───────────────

its prosecution per 18 Pa.C.S.[A. §] 7509(b)," was vague and failed to specify how the evidence presented at trial was insufficient. (Statement of Errors Complained of on Appeal, 9/16/15, at 1); *see Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (finding sufficiency issue waived where 1925(b) statement was not specific). Nevertheless, the trial court was able to discern Appellant's argument, and addressed his claim in its opinion. (*See* Trial Ct. Op., at 1, 3). Therefore, although Appellant did not comply with our appellate rules, we find that it has not inhibited our ability to review his claim, and decline to find waiver on that basis. *See Commonwealth v. Andre*, 17 A.3d 951, 962 n.12 (Pa. Super. 2011).

**(a) Unlawful sale or attempt.**—A person commits a misdemeanor of the third degree if he offers for sale, sells, causes to be sold or gives drug-free urine for the purpose of or with the intent or knowledge that the urine will be used for evading or causing deceitful results in a test for the presence of drugs.

**(b) Use or attempt.**—A person commits a misdemeanor of the third degree if he uses or attempts to use drug-free urine as provided in subsection (a) for the purpose of evading or causing deceitful results in a test for the presence of drugs.

18 Pa.C.S.A. § 7509.

As a preliminary matter, we observe that an analysis of the evidence needed to support a conviction under subsection (b) is an issue of first impression in this Court. Our review of caselaw has revealed no case in either the Pennsylvania Superior or Supreme Court that has specifically addressed the sufficiency of evidence needed to support a conviction of furnishing drug-free urine under 18 Pa.C.S.A. § 7509(b). Nonetheless, we are guided by well-settled precedent in determining the appropriate interpretation of the applicable statutory law. We are mindful of our Statutory Construction Act of 1972, 1 Pa.C.S.A. §§ 1501-1991.

Our task in construing a statute is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

***Commonwealth v. Mohamud***, 15 A.3d 80, 85–86 (Pa. Super. 2010) (quotation marks and citations omitted). "When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters: . . . [t]he object to be attained[, and] . .

- 5 -

. [t]he consequences of a particular interpretation." 1 Pa.C.S.A. § 1921(c)(4), (6).

We conclude that the General Assembly intended the phrase "drug-free urine" to include any liquid that an offender presents, which he claims is his own urine, in an attempt to achieve a negative result on a drug test. 18 Pa.C.S.A. § 7509(b); *see* 1 Pa.C.S.A. § 1921(c)(4), (6). Appellant's argument, that the statute requires the Commonwealth to prove that the liquid is urine, would create an absurd result wherein it would not be a violation of the statute for a person to submit a sample of water, diluted urine, or other substance, in an attempt to "evad[e] or caus[e] deceitful results in a test for the presence of drugs." 18 Pa.C.S.A. § 7509(b); *see* 1 Pa.C.S.A. § 1922 ("In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used: (1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.").

Here, the evidence stipulated to at trial established that after being directed to provide a sample of urine, Appellant gave Agent McGowan a urine sample cup filled with liquid that tested negative for controlled substances. (*See* N.T. Hearing, 2/24/15, at 5-6, 13). Agent McGowan testified that the urine cup was filled with a clear liquid that looked like water and that the temperature gauge on the back of the cup showed a temperature in the seventy-degree range, whereas urine samples are typically in a ninety-degree range of temperatures. (*See id.* at 5-6, 9, 11-

12). The evidence also showed that within a half-hour of providing the first sample Appellant provided a second sample, which tested positive for THC. (*See id.* at 14).

Upon review, we agree with the trial court that the Commonwealth produced sufficient evidence to prove beyond a reasonable doubt that Appellant used a drug-free liquid to evade or cause deceitful results in a test for the presence of drugs. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find that that when asked to provide a urine sample, Appellant presented a sample cup of liquid, which tested negative for controlled substances. When he presented a second sample, his own urine tested positive. We have no hesitation in concluding that Appellant attempted to pass off the first sample as drug-free urine within the meaning of section 7509. *See* 18 Pa.C.S.A. § 7509(b). Accordingly, Appellant's issue does not merit relief. *See Tarrach*, *supra* at 345; *Williams*, *supra* at 1257.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2016