J-S28018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ADAM HIGGS | |
| Appellant | No. 1097 WDA 2016 |

Appeal from the Judgment of Sentence June 29, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012087-2015

BEFORE:  OLSON, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                   **FILED JULY 25, 2017**

Adam Higgs appeals from the June 29, 2016 judgment of sentence entered in the Allegheny County Court of Common Pleas following his bench trial conviction for simple assault.[1]  We affirm.

The trial court set forth the following factual history:

> In 2015, the victim in this case, two-year-old [B.K.], resided with his mother, [A.K.]. His father, [Higgs], frequently babysat him.  From August 16-19, 2015, [B.K.] was in the care of [Higgs].  During that period, [Higgs] contacted [A.K.] and asked to keep [B.K.] for a few more days.  [A.K.] agreed to the extension.  On August 21, 2015, [A.K.] picked up [B.K.] from [Higgs'] residence late in the evening.  [A.K.] returned home and put [B.K.] to bed.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1).

The next morning, on August 22, 2015, [A.K.] noticed significant bruising on [B.K.]'s buttocks while changing his diaper. In response, [A.K.] took [B.K.] to the hospital later that day, where he was examined. According to Doctor Adelaide Eichmann of the Child Advocacy Center, [B.K.] suffered from scratch marks on the side of his neck, fingernail prints on his abdomen, and multiple patterned bruises on his buttocks with areas of redness surrounding the bruises. The bruises were circular in nature, and classic for inflicted marks. In Doctor Eichmann's professional opinion, there was no accidental way that [B.K.] could have received those bruises. The infliction of these bruises would have caused substantial pain to [B.K.].

[Higgs] was questioned by the Allegheny County Police Department at the local police station in Bridgeville regarding [B.K.]'s injuries. [Higgs] at first attempted to blame the redness on [B.K.] sitting on the toilet, but eventually acknowledged that he had struck his two-year-old son with a spoon, more than once, because [B.K.] urinated in his diaper instead of telling [Higgs] that he needed to use the toilet.

Opinion, 1/17/17, at 3-4 ("1925(a) Op.").

On September 16, 2015, Higgs was charged with aggravated assault (victim less than six years of age) and endangering the welfare of a child;[2] the endangerment charge was dismissed before trial. Higgs proceeded to non-jury trial on February 8, 2016 and June 23, 2016.[3] On June 29, 2016, the trial court found Higgs not guilty of aggravated assault but found Higgs guilty of the lesser-included offense of simple assault. That same day, the

_____

[2] 18 Pa.C.S. §§ 2702(a)(8) and 4304, respectively.

[3] On February 8, 2016, Higgs requested a continuance. The trial court granted the continuance, but the court and parties agreed to take Dr. Eichmann's testimony that day.

trial court sentenced Higgs to two years' probation. Higgs timely filed a notice of appeal.

Higgs' sole issue[4] on appeal is whether "[t]he trial court erred when it convicted [Higgs] of [s]imple [a]ssault where the Commonwealth failed to present evidence sufficient to prove [Higgs'] guilt beyond a reasonable doubt." Higgs' Br. at 4. This Court's standard for reviewing a sufficiency of the evidence claim is as follows:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the

---

[4] In his brief, Higgs argues that his actions were justifiable pursuant to 18 Pa.C.S. § 509(1), which provides a defense for parents if certain parameters are met. Higgs, however, raised this issue neither in his Pennsylvania Rule of Appellate Procedure 1925(b) statement nor in the statement of questions involved in his brief. We addressed this precise situation in **Commonwealth v. Bradley**, 69 A.3d 253, 256 (Pa.Super. 2013), concluding that because a "[s]ection 509 issue cannot be construed as subsidiary" to a sufficiency challenge under Pennsylvania Rule of Appellate Procedure 1925(b)(4)(v), the appellant had waived this challenge by failing to include it as a separate matter in his Rule 1925(b) statement. Accordingly, Higgs has waived his section 509 issue.

> defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Rodriguez***, 141 A.3d 523, 525 (Pa.Super. 2016) (quoting ***Commonwealth v. Tarrach***, 42 A.3d 342, 345 (Pa.Super. 2012)).

A person may be convicted of simple assault "if he . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). "The Crimes Code defines 'bodily injury' as '[i]mpairment of physical condition or substantial pain." ***Commonwealth v. Tukhi***, 149 A.3d 881, 887 (Pa.Super. 2016).

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence to support Higgs' conviction. Higgs admitted that he struck two-year-old B.K. on the buttocks with a wooden spoon. N.T., 6/23/16, at 38-40. Dr. Eichmann provided her expert opinion that, based on the bruises left on B.K., these strikes would have caused substantial pain. N.T., 2/8/16, at 24-25. Further, the evidence fully supported the trial court's conclusion that B.K.'s injuries were not accidentally inflicted and that Higgs acted at least recklessly.

Judgment of sentence affirmed.

J-S28018-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2017