J-S37021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERNEST ALLEN ROSEMOND | |
| Appellant | No. 1847 MDA 2016 |

Appeal from the Judgment of Sentence October 24, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001175-2016

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:               **FILED NOVEMBER 09, 2017**

Ernest Allen Rosemond appeals from the October 24, 2016 judgment of sentence entered in the Schuylkill County Court of Common Pleas following his jury trial convictions for possession of contraband by an inmate (controlled substance) and possession of a controlled substance.[1] Rosemond's counsel has filed an ***Anders***[2] brief and an application to withdraw as counsel.  We affirm the judgment of sentence and grant counsel's application to withdraw.

The trial court set forth the following factual history:

[Rosemond] was brought to [the] Schuylkill County Prison as an arrestee by Pottsville Police [at] about 6:30 p.m. on

_____

[1] 18 Pa.C.S. § 5123(a.2) and 35 P.S. § 780-113(a)(16), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

May 13, 2016. Upon arrival at the prison, [Rosemond] was asked a number of questions by Schuylkill County Prison Second Shift Lieutenant Juan Escalante during initial processing, including whether he had any drugs on or in his person. Escalante warned [Rosemond] that if he had drugs and did not reveal the possession at that time, he would be subject to a state prison sentence if he was later found to possess such substances after having been processed and becoming an inmate.

After [Rosemond] told Escalante that he had no drugs and finished being processed, he was taken into custody by the prison. [Rosemond] was assigned a cell and taken to a clean room by Corrections Officers Ryan Fritzinger and Cody Symons to be searched and to change into prison garb. The small room where he was taken was about the size of a closet, well-lit[,] and completely empty with the exception of a height chart on the wall. There, [Rosemond] was directed to and did remove one article of clothing at a time and handed each to an officer to be searched. While [Rosemond] was bent over in the process of removing his socks, a small package fell from what Fritzinger believed was either [Rosemond]'s sock or waist[-]band. Fritzinger had no doubt that the package had come from [Rosemond].

Symons was present with Fritzinger at the doorway of the small room while [Rosemond] was removing his clothing. Symons saw a small bag containing a powdery substance fall from [Rosemond]'s waist[-]band or socks as [Rosemond] was removing his socks. After the bag fell to the floor, [Rosemond] was ordered to step back, the item was secured[,] and Escalante was notified by radio. [Rosemond] told the officers that he did not know what the package was, where it came from[,] and that it was not his. The package was recovered by Escalante who later transferred it to Officer Samson Wega of the Pottsville Bureau of Police.

The package was subsequently taken by Pottsville Police Detective Kirk Becker to the Pennsylvania State Police crime laboratory where it was analyzed by forensic scientist Kristy Bruno. Bruno found the contents of the package consisted of approximately .19 grams of methamphetamine.

Opinion and Order of Court Pursuant to Pa.R.A.P. 1925, 12/9/16, at 2-3.

On October 17, 2016, a jury convicted Rosemond of the aforementioned offenses. On October 24, 2016, the trial court sentenced Rosemond to 2 to 5 years' incarceration, followed by 2 years' probation on the conviction for possession of contraband by an inmate (controlled substance); the conviction for possession of a controlled substance merged with the other conviction. On November 10, 2016, Rosemond timely filed a notice of appeal. On February 16, 2017, Rosemond's counsel filed an application to withdraw as counsel and an *Anders* brief.

Because counsel has filed a petition to withdraw pursuant to *Anders* and its Pennsylvania counterpart, *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), we must address counsel's petition before reviewing the merits of Rosemond's underlying claim. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007). We first address whether counsel's petition to withdraw satisfies the procedural requirements of *Anders*. To be permitted to withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

- 3 -

Here, counsel stated she has reviewed the record and "determined there are no grounds for appeal." Counsel's Ltr. to Rosemond, 2/16/17 ("February Letter"). Counsel furnished a copy of the **Anders** brief to Rosemond. **See id.**

Counsel's February 16, 2017 letter[3] to Rosemond, however, advised him that "[s]hould [this] Court grant [her] [p]etition to [w]ithdraw as [c]ounsel," Rosemond had the right to proceed *pro se* or with private counsel. Counsel's statement of the law is incorrect, as appellants faced with a petition to withdraw have an "absolute right to proceed *pro se* or with privately retained counsel" that is not dependent on the trial court's ruling on the petition to withdraw. **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa.Super. 2016). However, on March 13, 2017, this Court issued an order permitting Rosemond "to file a response to counsel's petition to withdraw and **Anders** brief, either *pro se* or via privately retained counsel, within thirty (30) days of the date of [the] Order[.]" **See** Order,

_____

[3] Initially, counsel did not aver in her application to withdraw that she had sent a letter to Rosemond advising him of his right to proceed *pro se* or with privately-retained counsel, nor did she attach a copy of any such letter to her application to withdraw filed with this Court. On February 23, 2017, this Court issued an order directing counsel to "notify [Rosemond] with a proper statement advising [him] as required by [**Commonwealth v.**] **Millisock**," 873 A.2d 748 (Pa.Super. 2005), of his right to proceed *pro se* or with a private attorney. **See** Order, 2/23/16. On March 3, 2017, counsel advised this Court that on February 16, 2017, she had sent such a letter to Rosemond along with copies of the application to withdraw and **Anders** brief, and sent this Court a copy of that letter.

3/13/17. Because this Court ensured that Rosemond understood his rights and was given an opportunity to raise any other issues before this Court, we conclude that the third procedural requirement has been met and, accordingly, counsel has substantially complied with the procedural requirements of *Anders*.

We next address whether counsel's *Anders* brief meets the requirements established by the Pennsylvania Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel's brief provided a summary of the procedural history and the facts with appropriate citations to the record. *Anders* Br. at 8-10. Counsel's brief states that she reviewed the record and determined that any appeal would be frivolous, and set forth her reasons for that conclusion. *Id.* at 11-12. Accordingly, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

Rosemond has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel, but he did file a *pro se* response to counsel's petition to withdraw. In that response, Rosemond raised the same claim

raised in the **Anders** brief and argues that counsel should not be allowed to withdraw from representation. Accordingly, we review the lone issue raised in the **Anders** brief and in Rosemond's *pro se* response: "Whether the testimony and reports of corrections officers and police are so conflicting and different as to render [the] same insufficient to support the jury's guilty verdict?" **Anders** Br. at 7.

Rosemond purports to raise a challenge to the sufficiency of the evidence. However, inconsistencies and conflicts in testimony go to the weight, not the sufficiency, of the evidence. **See Commonwealth v. Trinidad**, 96 A.3d 1031, 1038 (Pa.Super. 2014).

To the extent that Rosemond argues that the verdict was against the weight of the evidence, we conclude that Rosemond has waived this claim. Pennsylvania Rule of Criminal Procedure 607(A) sets forth the requirements for preserving a weight of the evidence challenge:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2) by written motion at any time before sentencing; or
> >
> > (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A). Here, the record shows that Rosemond did not file a written motion, before or after sentencing, challenging the weight of the evidence.

To the extent that Rosemond challenges the sufficiency of the Commonwealth's evidence, we conclude that this claim is meritless. Our standard of review for a sufficiency of the evidence claim is as follows:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Rodriguez*, 141 A.3d 523, 525 (Pa.Super. 2016) (quoting *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa.Super. 2012)).

Section 780-113(a)(16) of the Controlled Substance, Drug, Device, and Cosmetic Act ("Act") prohibits

> [k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113(a)(16).

An inmate may be convicted of possessing contraband, specifically a controlled substance, "if he unlawfully has in his possession or under his control any controlled substance in violation of section 13(a)(16) of [the Act]." 18 Pa.C.S. § 5123(a.2).

Rosemond argues that conflicts and inconsistencies in the corrections officers' testimony render the evidence insufficient. We disagree. It is well settled that "[a] mere conflict in the testimony does not render the evidence insufficient because it is within the province of the fact[-]finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence." *Commonwealth v. Halye*, 719 A.2d 763, 764 (Pa.Super. 1998) (internal citation omitted).

Further, viewing the evidence in the light most favorable to the Commonwealth, it is clear that the evidence was sufficient to convict Rosemond. Rosemond was booked into jail on an offense in a different criminal case. During processing, the corrections officers took Rosemond to a room and asked him to remove his clothing. When Rosemond removed his clothing, a small bag containing a powdery substance dropped onto the floor. The corrections officers testified that there was nothing on the floor of the room in which they placed Rosemond before entering. Subsequent testing of the powdery substance confirmed that it was methamphetamine, a controlled substance under the Act that Rosemond was not permitted to possess. Accordingly, Rosemond's claim is without merit.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017