J-S85004-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BEENIE JAMES THORNTON, JR. | : | |
| | : | |
| Appellant | : | No. 1770 WDA 2016 |

Appeal from the Judgment of Sentence October 11, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007538-2015

BEFORE: BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY BOWES, J.: FILED MAY 21, 2018

Beenie[1] James Thornton, Jr. appeals from the judgment of sentence of six to twelve months incarceration and one year probation imposed following his non-jury trial convictions for, inter alia, possession of a controlled substance (heroin), possession of marijuana, and fleeing and eluding a police officer. We affirm.

On April 8, 2015, at 8:20 a.m., Officer Brian Meals of the Homestead Police Department observed a blue Ford Explorer, driven by Appellant, with an expired validation sticker. A license plate check revealed that the plate

_____

[1] The docket for this case lists Appellant's name as Beenie James Thornton, Jr. while the plea transcripts and parties' briefs refer to Appellant's name as Bennie. Additionally, Appellant's brief lists the last name as "Thorton." Pre-trial motions filed by Appellant in this case have used both first name designations.

was registered to a different vehicle, causing Officer Meals to activate his lights and sirens for a traffic stop. Appellant did not obey, but instead weaved through oncoming traffic and went through several red lights. Officer Meals followed the vehicle, which eventually went over a bridge. While on the bridge, Officer Meals observed the passenger extend her hand outside her window and throw out a number of items. Officer Meals, who was in contact with other officers via radio, informed them of the location of the items while he continued pursuit. Corporal Steven Adams proceeded to the area identified by Officer Meals and recovered 191 individual stamp bags of heroin, some packaging material, and a small amount of marijuana. Some of these items were discovered on the bridge itself, while others were retrieved from the ground below.

The pursuit ended approximately four minutes after its initiation, as traffic impeded the Explorer, enabling police to surround the vehicle. Officer Meals made contact with the occupants. Appellant and his girlfriend, located in the passenger seat, were removed from the vehicle and arrested.[2]

Approximately five hours later, Officer Meals transported Appellant to arraignment in his police vehicle. Unprompted, Appellant asked if his girlfriend would also be charged. He stated that the drugs were his and

---

[2] The passenger was charged and tried jointly with Appellant; she was acquitted of all counts.

expressed regret for getting his girlfriend involved. He further indicated that he had recently purchased the heroin.

Based on the foregoing, Appellant was charged with possession with intent to deliver ("PWID"), possession of heroin, possession of marijuana, possession of drug paraphernalia, fleeing or attempting to elude a police officer, and various summary vehicular offenses. Following a bench trial, the court acquitted Appellant of PWID and two of the summary offenses; he was convicted of all other charges. Appellant was sentenced as previously indicated, and filed a timely notice of appeal. Appellant complied with the order to file a Pa.R.A.P. 1925(b) statement, and the trial court issued its opinion in response. We now address the two claims raised on appeal.

I. Was the evidence insufficient to sustain the convictions for possession of a controlled substance, possession of marijuana, and possession of drug paraphernalia, in that the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] was in actual or constructive possession of the marijuana or heroin that a passenger threw out the window of a vehicle which [Appellant] was driving?

II. Was the evidence insufficient to sustain the conviction for fleeing or attempting to elude a police officer in that the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] knew that a police officer was trying to pull him over, and that he purposefully failed to bring his vehicle to a stop when the officer activated the police car's lights and siren?

Appellant's brief at 5.

Both of Appellant's claims challenge the sufficiency of the evidence supporting the verdicts. Our standard of review is well-settled.

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

Commonwealth v. Rodriguez, 141 A.3d 523, 525 (Pa.Super. 2016)

(quoting Commonwealth v. Tarrach, 42 A.3d 342, 345 (Pa.Super. 2012)).

The first claim challenges the evidence that Appellant possessed the contraband discarded by the passenger; i.e., the heroin packets, the marijuana, and associated paraphernalia. Appellant challenges the common element of possession for all of those counts. The Commonwealth could satisfy its burden through evidence that Appellant either physically possessed the items, or that he constructively possessed them. Constructive possession has been described as

a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid

- 4 -

application, we have held that constructive possession may be established by the totality of the circumstances.

Commonwealth v. Hopkins, 67 A.3d 817, 820 (Pa.Super. 2013) (citation omitted).

We find that the totality of the circumstances suffices to establish constructive possession beyond a reasonable doubt.  It is undisputed that Officer Meals was not in a position to observe Appellant handle the items or otherwise convey the items to his passenger, and that he saw only the passenger actually possessing those items.  However, several other circumstances establish Appellant's power and intent to control the contraband.  Significantly, Appellant made comments to Officer Meals on the way to arraignment that he owned the drugs.  Additionally, Appellant, as the driver of the vehicle, did not stop when Officer Meals activated his lights and sirens.  Instead, he proceeded to drive across a bridge, at which time the passenger attempted to jettison the contraband in an obvious attempt to prevent its recovery.  That event, when combined with Appellant's statement, circumstantially establishes that Appellant directed the passenger to discard the items at his behest.

We acknowledge Appellant's argument that these circumstances are equally consistent with the notion that the passenger possessed the drugs and sought to discard the evidence on her own initiative, without any knowledge on his part of what she possessed.  In other words, Appellant claims that the evidence establishes, at most, that he was merely present

- 5 -

and had equal access to the contraband, which cannot establish constructive possession. See Commonwealth v. Davis, 480 A.2d 1035, 1045 (Pa.Super. 1984) ("[W]here more than one person has equal access to where drugs are stored, presence alone in conjunction with such access will not prove conscious dominion over the contraband.") (emphasis omitted). However, that argument requires this Court to remove Officer Meals's testimony regarding Appellant's statements from the equation. Indeed, Appellant's argument relies in large part on his own testimony offered at trial, in which he explained that the passenger offered him marijuana in exchange for a ride to work. Appellant further testified that he did not know she also had heroin, and was therefore merely referring to the marijuana when he told Officer Meals that the drugs were his.

This argument ignores our standard of review and improperly views the evidence in the light most favorable to Appellant, not the Commonwealth. Officer Meals testified that Appellant referenced the heroin: "He advised me that he had recently purchased the heroin, but when I pressed him on where he purchased it, like an exact location, street or a person's name or nickname, then he said he was done talking." N.T., 9/29/16, at 28-29. The fact-finder was free to reject or accept this testimony, whereas we cannot.

The evidence, viewed in the light most favorable to the Commonwealth as verdict winner, therefore establishes that the drugs belonged to

Appellant, establishing his intent and power to control. "[W]e have held that circumstantial evidence is reviewed by the same standard as direct evidence—that is, that a decision by the trial court will be affirmed 'so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.'" Commonwealth v. Johnson, 818 A.2d 514, 516 (Pa.Super. 2003) (citations omitted). Appellant's admission, combined with the observations made by Officer Meals of the contraband being discarded, links him to those items beyond a reasonable doubt. Hence, this challenge fails.

Appellant's second sufficiency claim fares no better, as it too emphasizes a version of events considered in the light most favorable to Appellant. The crime at issue is fleeing and eluding a police officer, which states:

> (a) Offense defined.--Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense[.]

75 Pa.C.S. § 3733. Appellant claims that his failure to bring his vehicle to a stop was not willful. In support thereof, he cites his own testimony that he did not realize Officer Meals was signaling for him to pull over, as opposed to other drivers on the road. He also testified that his movement into oncoming traffic was designed to create room for Officer Meals to pass his vehicle.

Appellant's assertion that he was weaving and continued driving after hearing and seeing the lights and sirens in an effort "to make room for the other vehicles and police officer to pass," Appellant's brief at 19, is rather implausible; even accepting this version of events, his behavior is illogical. Appellant's attempt to "make room" prevented Officer Meals from getting around Appellant. Furthermore, that testimony fails to explain why Appellant proceeded through three red lights, rather than pulling over and letting Officer Meals pass as motorists are required to do. See 75 Pa.C.S. § 3325(a) (upon approach of emergency vehicle using lights and sirens, driver shall yield and permit emergency vehicle to pass).

More importantly, we are not permitted to view the evidence in the light most favorable to Appellant, and we firmly disagree that his version of events is "just as consistent as those of a bad driver trying to get through rush hour traffic and move out of the police vehicle's way." Id. The fact-finder was entitled to find that Appellant's actions were intended to evade a traffic stop, and the discarded narcotics constitute circumstantial evidence that Appellant failed to stop for the express purpose of getting rid of the evidence. "As intent is a subjective frame of mind, it is of necessity difficult of direct proof." Commonwealth v. Miller, 172 A.3d 632, 641 (Pa.Super. 2017) (citing Commonwealth v. Matthews, 870 A.2d 924 (Pa. 2005)). The circumstantial evidence establishes a willful failure to stop. Therefore, this challenge fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2018