**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT R. GALLAGHER | : | |
| | : | |
| Appellant | : | No. 843 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 1, 2019
In the Court of Common Pleas of Susquehanna County Criminal Division
at No(s):  CP-58-SA-0000001-2019

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 30, 2019**

Appellant, Robert R. Gallagher, appeals from the judgment of sentence of a fine of $500.00, which was imposed after conviction at a bench trial for operating a motor carrier vehicle in violation of out-of-service criteria.[1]  We affirm on the basis of the trial court opinion.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 4107(b.1) ("No person shall operate a motor carrier vehicle or cause, permit, require or otherwise allow any other person to operate a motor carrier vehicle in violation of driver out-of-service criteria or standards periodically adopted by the United States Department of Transportation and adopted by reference by the department under the provisions of section 6103 (relating to promulgation of rules and regulations by department).  The department shall coordinate with the Pennsylvania Public Utility Commission in the enforcement of this subsection and 66 Pa.C.S. § 3312 (relating to evasion of motor carrier and broker regulations).").

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. *See* Trial Court Opinion, filed June 21, 2019, at 1-4. Therefore, we have no reason to restate them at length here. For the convenience of the reader, we briefly note that, on November 14, 2018, Corporal Jeffrey Burman of the Pennsylvania State Police was working a motor carrier enforcement detail at the Welcome Center/Weigh Station in Great Bend Township, Susquehanna County, when Appellant pulled in his truck and trailer. *Id.* at 2. In compliance with the inspection, Appellant provided Corporal Burman with his driver's license, registration of the truck, a bill of lading, and a tablet containing an electronic record of his hours of service in a duty status log. *Id.* The corporal noticed that Appellant was marked "off duty" in the log from 9:30 that morning until the time of the inspection at 3:45 p.m., even though Appellant had been driving a loaded trailer when he pulled in for the inspection. *Id.* at 3. Corporal Burman then observed multiple instances where Appellant appeared to be driving based on the record of the truck's physical movement, but Appellant's duty status log indicated that he was not driving. *Id.* After Appellant was convicted of the aforementioned charge and sentenced, he did not file any post-sentence motions; he filed a timely direct appeal on May 24, 2019.[2]

Appellant presents the following issue for our review:

_____

[2] Appellant filed his statement of errors complained of on appeal on June 17, 2019. The trial court entered its opinion on June 21, 2019.

- 2 -

Whether the verdict was against the sufficiency of the evidence?

Appellant's Brief at 4.

Preliminarily, we note that, although not mentioned in his statement of questions involved, Appellant argues that "Corporal Burman did not apply the correct safe harbor exception for drivers who have current logs for the past six days but are not current on the day of the citation." *Id.* at 8 (citing 49 C.F.R. § 395.13(b)(3)).[3] However, Appellant raised this argument for the first time in his brief to this Court. Failure to raise this claim before the trial court results in waiver. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, Appellant's assertion that a "safe harbor exception" applies to his case is waived.

Appellant's remaining contention is that the evidence was not sufficient to establish that he presented a false duty status log and that his actions were in violation of driver out-of-service criteria. Appellant's Brief at 7, 9.

> This Court's standard for reviewing sufficiency of the evidence claims is as follows:
>
>> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been

---

[3] "A driver failing only to have possession of a record of duty status current on the day of examination and the prior day, but has completed records of duty status up to that time (previous 6 days), will be given the opportunity to make the duty status record current." 49 C.F.R. § 395.13(b)(3).

established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Rodriguez*, 141 A.3d 523, 525 (Pa.Super. 2016) (quoting *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa.Super. 2012)).

*Commonwealth v. Izurieta*, 171 A.3d 803, 806 (Pa. Super. 2017) (internal brackets omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jason J. Legg, we conclude that Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question. *See* Trial Court Opinion, filed June 21, 2019, at 4–6 (finding: Corporal Burman credibly testified that, following an inspection of Appellant's duty status log, he found numerous inconsistencies between Appellant's log entries and his physical locations at the time of the entries; Appellant's explanation that the errors in the electronic log were due to a malfunction of his tablet "is not convincing particularly where he testified that he failed to perceive those errors for two days"; "the Commonwealth, through the credible testimony of [Corporal] Burman, met its burden of proving beyond a reasonable doubt" that Appellant

made "a false report in connection with a duty status"). Consequently, we affirm on the basis of the trial court's opinion. The parties are instructed to attach the opinion of the trial court in any filings referencing this Court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2019