J-S18034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROGER LEE SHEDDEN SR. :
:
Appellant : No. 1500 MDA 2019

Appeal from the Judgment of Sentence Entered August 1, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000262-2018

BEFORE: KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 23, 2020**

Appellant Roger Lee Shedden, Sr., appeals from the Judgment of
Sentence entered in the Court of Common Pleas of Bradford County on August
1, 2019, following his convictions of Corruption of Minors, Indecent Assault,
and Harassment.[1] We affirm.

Appellant's convictions arose from his contact with M.R. during the
summer of 2017, at which time M.R. was seventeen years of age.[2] A jury trial
was held on October 11, 2018, after which Appellant was found guilty of one
count each of Corruption of Minors and Indecent Assault. The trial court
subsequently found him guilty of two summary counts of Harassment. On

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii), 3126(a)(1), and 2709(a), respectively.
[2] M.R. was born in March of 2000, and Appellant was born in May of 1962.

August 1, 2019, Appellant received an aggregate sentence of four (4) years to nine (9) years in prison.

Appellant filed a Post-Sentence Motion on August 9, 2019, and the trial court denied the same on August 14, 2019. On September 13, 2019, Appellant filed a timely notice of appeal.[3] Appellant filed his Concise Statement of Matters Complained of on Appeal on October 8, 2019, and the trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on November 14, 2019.

In his brief, Appellant presents the following questions for our review:

1. Was the evidence adduced at trial sufficient to establish guilt beyond a reasonable doubt with regard to corruption of minors?

2. Was the evidence adduced at trial sufficient to establish guilt beyond a reasonable doubt with regard to indecent assault?

Brief for Appellant at 5.

Our Supreme Court has discussed an appellate court's standard and scope of review in this context as follows: "[W]ith respect to our sufficiency review, our standard of review is *de novo*, however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth

---

[3] **See** Pa.R.Crim.P. 720(A) (providing written post-sentence motions shall be filed no later than ten days after imposition of sentence and a timely-filed post-sentence motion will toll 30-day appeal period and extend it to 30 days after entry of order deciding timely motion).

as the verdict winner." ***Commonwealth v. Rushing***, 99 A.3d 416, 420-21 (Pa. 2014). In addition, "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt relying wholly on circumstantial evidence," and "[b]oth direct and circumstantial evidence must be considered equally when assessing the sufficiency of the evidence." ***Commonwealth v. Davalos***, 779 A.2d 1190, 1193 (Pa.Super. 2001). Finally, "any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Rodriguez***, 141 A.3d 523, 525 (Pa.Super. 2016).

Corruption of Minors is defined in relevant part as follows:

**a) Offense defined.--**

(1) (ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

This Court repeatedly has held that the Commonwealth presents sufficient evidence of Corruption of Minors where there is evidence that the defendant sexually assaulted a minor. ***See Commonwealth v. Leatherby***, 116 A.3d 73, 82 (Pa.Super. 2015) (finding sufficient evidence of corruption of minor where the Commonwealth presented evidence "demonstrating extensive physical, sexual, and emotional abuse"); ***see also Commonwealth***

***v. Miller***, 657 A.2d 946, 949 (Pa.Super. 1995) (finding sufficient evidence of corruption of minor where "the Commonwealth presented evidence that appellant improperly fondled victim on a regular basis for approximately one year").

In order to be convicted of Indecent Assault, the actor must knowingly or recklessly have indecent contact with another without consent. 18 Pa.C.S.A. §3126(a)(1). Indecent contact is the touching of the sexual or other intimate parts of the body for the purpose of arousing or gratifying the actor's own or the victim's sexual desire. 18 Pa.C.S.A. §3101.

As styled, Appellant purports to challenge the sufficiency of each element of his underlying Corruption of Minors and Indecent Assault convictions. However, in the page of argument he devotes to developing these claims in his appellate brief, Appellant simply points to witness testimony which he deems to be in contradiction to that of M.R. The entirety of his argument reads as follows:

> [M.R.] testified at trial that there were three occasions where the Appellant had indecent contact with her. Two of these three occasions took place at Dino's Repair and Service. However, Dean Johnson, II (DJ) testified that there was 24 hour surveillance cameras operating. The purpose of those cameras was to keep an eye out for people with "sticky fingers." (TR at 77). DJ stated that he and his half-brother were the only ones to have keys to the business. (TR at 75). He further testified that he saw no inappropriate activity between Appellant and [M.R.]. (TR at 74).
> During cross[-]examination, DJ testified that he fast forwarded and often jumped ahead while watching those videos. (TR at 78). That is to be expected since he was looking for specific activity, and there was no need to look through video where no one was present. Appellant was well aware there were cameras in

the garage that were taping 24 hours per day. He knew because he testified that he helped DJ install those cameras, and he knew that DJ reviewed those videos each day. Neither of the victims made any complaints to their parents or law enforcement officials until months after the alleged incidents. Finally, DJ, Kelly Chevalier (Hart), and Appellant testified that Appellant was not alone with [M.R.] or [S.W.] during the alleged incidents.

Brief for Appellant at 14-15.

The essential premise of Appellant's argument is his position that the testimony of his witnesses contradicted that presented by a Commonwealth witness. It is well-settled that "[a]n argument regarding the credibility of a witness's testimony goes to the weight of the evidence, not the sufficiency of the evidence." *Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa.Super. 2014). Thus, to the extent Appellant seeks to advance sufficiency claims based on an argument pertaining to witness credibility, those claims arguably are waived pursuant to Pa.R.A.P. 2119(a). *See Commonwealth v. Kearney*, 92 A.3d 51, 66-67 (Pa.Super. 2014) (holding issue waived under Rule 2119(a) where "Appellant fails to develop an argument in support of his claim, or to provide pertinent citation to authority").

Nevertheless, in *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993), our Supreme Court observed the following with respect to testimony and sufficiency of the evidence:

> Normally, the evidence is deemed to be sufficient where there is testimony offered to establish each material element of the crime charged and to prove commission of the offense by the accused beyond a reasonable doubt. The question of credibility is left to the [finder of fact] and the verdict will not be disturbed if the [finder of fact] determines the evidence is worthy of belief.

We have, however, made exception to the general rule that the [finder of fact] is the sole arbiter of the facts where the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture.

***Karkaria***, ***supra***, 625 A.2d at 1170.

In the case *sub judice*, we do not find the jury's verdict was based on conjecture or that M.R.'s testimony was so inherently unreliable as to render the verdict unsupportable. To the contrary, the Commonwealth adduced evidence that Appellant sexually assaulted M.R. multiple times during the summer of 2017. M.R. testified that two of those incidents took place at Dino's Service and Repair Garage, and she explained that the third took place at her residence. N.T., 10/11/18, at 20. M.R. stated Appellant grabbed her breast and slid his hand down her side until he reached her butt. ***Id***. at 29. M.R. testified that after this second incident, she confided in a friend that Appellant had touched her inappropriately. ***Id.*** at 29. Her friend corroborated this testimony. ***Id***. at 38-44. M.R. did not consent to this contact. N.T. 37.

M.R.'s direct testimony satisfied the element of sexual assault requiring that the defendant touched an intimate part of the victim's body for his own sexual gratification without her consent. Examining this evidence in a light most favorable to the Commonwealth as the verdict winner, we find that the evidence was sufficient to allow the jury to finds Appellant guilty of Indecent Assault.

We reach the same conclusion with regard to the Corruption of Minors conviction. Appellant was seventeen years of age at the time of the incidents,

and Appellant was fifty-five. In the summer of 2017, Appellant subjected M.R. to separate and distinct acts of inappropriate and unwanted touching. On one occasion, Appellant touched M.R.'s leg, prompting her to push away his hand and abruptly leave his presence. N.T., 10/11/18, at 26. In another instance a few weeks later, Appellant touched M.R.'s inner thigh and grabbed her butt, which caused her to run away from him and inside her father's home. *Id*. at 27-28. As previously stated, Appellant also grabbed M.R.'s breast and slid his hand down to her butt. *Id.* at 30.

Again, viewing this evidence in the light most favorable to the Commonwealth as verdict winner, we conclude the jury was free to weigh this testimony in determining M.R.'s credibility and find it was sufficient to allow the jury to find Appellant guilty of Corruption of Minors. The matter *sub judice* differs from **Karkaria**, in which the Commonwealth's case was based upon the testimony of a witness whose credibility was so inconsistent as to be completely irreconcilable, and the finder of fact would have had to guess which version of the story to believe. Further, the holding of **Karkaria** does not require that any case involving allegedly contradictory or inconsistent testimony warrants consideration, let alone reversal, on sufficiency grounds.

Simply put, the evidence in this case was not so patently unreliable that the jury was forced to engage in surmise and conjecture in arriving at a verdict based on that evidence. As such, this evidence was sufficient to establish Corruption of Minors under 18 Pa.C.S.A. § 6301(a)(1)(ii) and Indecent Assault

under 18 Pa.C.S.A. §3126(a)(1).  Thus, Appellant's sufficiency challenges are meritless, and we affirm Appellant's Judgment of Sentence.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/23/20