J-S09040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY EUGENE ANDERSON | : | |
| | : | |
| Appellant | : | No. 999 WDA 2022 |

Appeal from the PCRA Order Entered August 9, 2022
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0000525-2021

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: AUGUST 7, 2023**

Troy Eugene Anderson ("Anderson") appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court provided the following factual and procedural history:

> [Anderson] incurred charges of obscene and other sexual materials and performances . . . [and, *inter alia*,] stalking . . . .. The charges stemmed from [allegations that Anderson] . . . distributed a sexually explicit video and picture of the victim, K.L., [Anderson's] former girlfriend, to at least two other persons *via* the social media platform, Facebook Messenger . . . .
>
> [Anderson was also alleged to have] engaged in stalking through a course of conduct or through repeated communications to another person under circumstances which demonstrated or communicated either an intent to place the victim in reasonable fear of bodily injury or to cause substantial emotional distress to the victim, in that [Anderson] repeatedly attempted to contact K.L. by telephone calls and/or text messaging and/or social media,

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

and/or contacted K.L.'s friends through Facebook Messenger[,] indicating he ha[d] been watching her house and/or repeatedly drove past her residence and/or distributed sexually explicit images and/or videos of K.L. to numerous third parties.

* * * *

On October 27, 2021, [Anderson] entered a negotiated guilty plea whereby he pled guilty to . . . obscene and other sexual materials and performances . . ., and he pled guilty to . . . stalking. In exchange, the Commonwealth agreed to *nolle pros* [a count of] obscene and other sexual materials and performances [and a count of] harassment, with costs on [Anderson]. . . ..

On January 19, 2022, [Anderson] was sentenced to an aggregate of sixty [] months of probation with restrictive conditions . . . .. The [c]ourt directed [Anderson] to pay costs. No fines were imposed . . . ..

No post-sentence motion or direct appeal was filed. On January 28, 2022, [Anderson] filed a *pro se* [PCRA petition.]

On February 3, 2022, the [PCRA c]ourt appointed PCRA counsel . . . ..

On June 3, 2022, PCRA counsel filed a ["supplemental" petition asserting that the sentencing order erroneously directed Anderson to pay costs, when the sentencing court had not imposed costs, and asserting that plea- and sentencing-counsel was ineffective for failing to investigate and present mitigating evidence or pursue defenses and for failing to present character reference letters].

Pa.R.Crim.P. 907 Notice, 6/29/22, at 3-4 (footnote and unnecessary capitalization omitted).

Following issuance of the Rule 907 notice of intent to dismiss Anderson's PCRA petition without a hearing, to which Anderson filed no response, the PCRA court dismissed the petition. **See** Order, 8/9/22. Anderson timely

appealed. *See* Notice of Appeal, 9/1/22. Both Anderson and the PCRA court

complied with Pa.R.A.P. 1925.[2]

Anderson raises the following issues for our review:

1. Whether the lower [c]ourt committed legal error and abused its discretion in failing to grant PCRA relief in that the sentencing record reflected the sentencing [c]ourt's intention not to impose any fines or costs upon [Anderson,] yet that representation of record has not been complied with in that the Probation Department is now seeking to impose a financial obligation upon [Anderson] in contravention of the sentencing intent of the [c]ourt?

2. Whether the lower [c]ourt committed legal error and abused its discretion in failing to grant PCRA relief in that [Anderson] was afforded ineffective assistance of counsel in that defense counsel induced and pressured him into entering guilty pleas by relinquishing and waiving all available defenses and legal challenges to the criminal charges that would have been evident and available upon reasonable investigation?

Anderson's Brief at 2.

Our standard of review of an order dismissing a PCRA petition is well-

settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

---

[2] In lieu of an opinion explaining its reasoning, the PCRA court directed this Court to its June 29, 2022 Rule 907 notice of intent to dismiss Anderson's petition without a hearing. *See* 1925(a) Opinion, 10/7/22, at 2.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted).

In his first issue, Anderson argues that the PCRA court erred in dismissing his first claim in which he asserted the sentencing order incorrectly memorialized the sentencing court's statements on the record about the imposition of costs. While this issue is not cognizable under the PCRA,[3] we note that a trial court has an inherent power to correct patent errors in the record, and therefore the lower court could consider this claim insofar as it was a motion to correct a patent error in the record. *See Commonwealth v. Hoover*, 231 A.3d 785, 792 (Pa. 2020) (Opinion Announcing the Judgment of the Court) (noting that, pursuant to *Commonwealth v. Holmes*, 933 A.2d 57, 67 (Pa. 2007), "a trial court's inherent power of correction encompasses patent and obvious errors that appear on the face of an order, [and] it also extends to such errors that emerge upon consideration of information in the

---

[3] *See* 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii) (providing claims eligible for relief must arise from constitutional violations, ineffective assistance of counsel, unlawfully induced guilty pleas, governmental obstruction of appellate rights, newly-discovered evidence, a sentence exceeding the lawful maximum, or proceedings that occurred in a tribunal without jurisdiction).

contemporaneous record"); *see also Commonwealth v. Borrin*, 80 A.3d 1219, 1228 (Pa. Super. 2013) (stating the same).

Here, Anderson argues the lower court erred in denying him relief based on his assertion that the sentencing order conflicted with the sentencing court's statements on the record at sentencing. *See* Anderson's Brief at 4. According to Anderson, "the statement made by the [c]ourt at the time of sentencing evidenced the intent of the [c]ourt . . . to forego[] the imposition of costs or fines in this case . . ." *Id*. Anderson maintains the court erred in declining to correct the sentencing order so as to reflect the court's statements at sentencing.[4]

The PCRA court, in concluding Anderson's issue is meritless, explained, that the sentencing order is consistent with its directives at sentencing, at which time it had "expressly stated" that "costs are assessed." Pa.R.Crim.P. Notice, 6/29/22, at 6 (citing N.T., 1/19/22, at 9). The PCRA court additionally notes that Anderson agreed to pay costs as part of his plea agreement. *See id*. (citing N.T., 10/27/21, at 10).

_____

[4] Anderson's argument for this issue includes no citations to the record or applicable law, and he has therefore arguably waived his issue on this basis. *See Commonwealth v. Snyder*, 870 A.2d 336, 346 (Pa. Super. 2005) (stating that "fail[ure] to discuss the issue in any substantive, meaningful way" merits a finding of waiver). However, as the deficiencies in Anderson's brief have not hindered our review, we decline to find waiver. *See Commonwealth v. Rodriguez*, 141 A.3d 523, 525 n.4 (Pa. Super. 2016) (concluding that "although Appellant did not comply with our appellate rules, we find that it has not inhibited our ability to review his claim, and decline to find waiver on that basis").

Following our review, we discern no error by the PCRA court. Anderson agreed to pay costs as part of his plea agreement. **See** N.T., 10/27/21, at 10. The sentencing court, per the agreement, expressly stated at sentencing, "Costs are assessed." N.T., 1/19/22, at 9. The sentencing order is consistent with this. Anderson's argument is thus meritless, and he is due no relief.

In his second issue Anderson maintains he entered an invalid guilty plea due to ineffective assistance of counsel. **See** Anderson's Brief at 5. Generally, to prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

**Commonwealth v. Johnson**, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotations omitted). Additionally,

> [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial.

*Commonwealth v. Pier*, 182 A.3d 476, 478–79 (Pa. Super. 2018) (internal citations, quotations, and footnote omitted). Following successful plea negotiations and a plea of guilty, a defendant is bound by his statements made during the plea colloquy. *See Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015). "The law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth. v. Timchak*, 69 A.3d 765, 770 (Pa. Super. 2013) (internal citation, quotations, and brackets). Lastly, for ineffective claims arising from a failure to obtain character witnesses, where the PCRA petitioner fails to identify or present any potential character witnesses, this alone is grounds to deny relief. *See Commonwealth v. Treiber*, 121 A.3d 435, 464 (Pa. 2015).

The gravamen of Anderson's second issue is that his plea- and sentencing-counsel was ineffective "in investigating or presenting any mitigative [sic] evidence or pursu[ing] all available defenses to challenge the credibility of the accused [sic] and present an absolute defense to the criminal charges." Anderson's Brief at 6. Anderson asserts the victim had made similar claims against him before and withdrew them; and that the victim gave testimony at Anderson's preliminary hearing which contradicted her prior messages to Anderson and prior statements to police. *See id*. at 7. Anderson

further argues that counsel was ineffective for "failing to present the [c]ourt with character reference letters provided by [Anderson] for purposes of establishing his innocence and/or for purposes of sentencing." *Id*. Essentially, Anderson argues that "instead of considering the viability of a complete defense to the criminal allegations . . . defense counsel insisted upon and advocated and facilitated his entry of guilty pleas." *Id*. at 7. In sum, according to Anderson, his guilty pleas were involuntary because they stemmed from his attorney's disinterest in investigating his case. Additionally, he asserts prejudice arising from his sentencing hearing because counsel, owing to his ineffectiveness, failed to present mitigating evidence in the form of favorable letters from character references.

The PCRA court considered this issue and determined it was meritless. The PCRA court observed that Anderson was properly colloquied as to, *inter alia*, the nature of the offenses, the factual basis, the permissible sentencing ranges, his right to a trial by jury and his presumption of innocence, and that the court would only be bound by the terms of the agreement if it accepted the agreement. *See* Pa.R.Crim.P. 907 Notice, 6/29/22, at 6-7. The PCRA court also noted Anderson admitted culpability and filled out a written colloquy. *See id*. at 7.

Following our review, we conclude the PCRA's decision is supported by the record and free from legal error. Anderson affirmed in his written colloquy that his "plea is made voluntarily . . . without any pressure . . .." Colloquy,

10/27/21. Anderson also stated that he understood the nature of the offenses and that his "attorney has reviewed the charge(s) with [him] as well as the elements of each particular crime." *Id*. at ¶ 1. We also observe that in his *pro se* PCRA petition, Anderson asserted that he had been aware of the victim's allegedly contradictory statements at the preliminary hearing and had in fact asked plea counsel to investigate them. *See Pro Se* PCRA Petition, 1/28/22, at unnumbered 5. Notwithstanding his knowledge at the time of the victim's allegedly false and contradictory statements, Anderson pleaded guilty, stated he had reviewed the charges with his attorney, and that he was pleading guilty voluntarily. Anderson is bound by these statements now. *See Reid*, 117 A.3d 777, 783. Additionally, while Anderson faults plea- and sentencing- counsel for failing to obtain favorable character reference letters, he did not specify in his petition, or in his appellate brief, who would have provided the letters. Accordingly, Anderson has failed to adequately plead counsel's ineffectiveness on these grounds, and he is due no relief. *See Treiber*, 121 A.3d at 464.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2023